UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ABEL GONZALEZ CRUZ,

    Petitioner,

v.

ERIC HOLDER, Jr., et al.,

    Respondents.

Civ. No. 14-5529 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

The petitioner, Abel Gonzalez Cruz, is an immigration detainee at the Essex County Correctional Facility in Newark, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed without prejudice.

### II.    BACKGROUND

The Court received Mr. Cruz's habeas petition on September 3, 2014. Mr. Cruz states that he has been in immigration detention since October 4, 2013, without having received either an order of deportation or of release. He adds that, on July 7, 2014, the Immigration Judge told him in substance that the matter was ripe for decision. His continued immigration detention, he claims, is not authorized or constitutional, and he requests that he be released under an order of supervision.

1

### III.     LEGAL STANDARDS: *SUA SPONTE* DISMISSAL

With respect to screening a habeas petition, 28 U.S.C. § 2243 provides as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Because Mr. Cruz is proceeding *pro se*, his petition will be held to less stringent standards than those governing pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     LEGAL STANDARDS: IMMIGRATION DETENTION

The Attorney General has the authority to detain aliens in removal proceedings both before and after the issuance of a final order of removal. Those two situations— "pre-removal" and "post-removal" detention—are governed by separate standards.

A. <u>Pre-Removal Detention</u>

Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
>     (B) conditional parole; . . .

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who –
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

3

> when the alien is released, without regard to whether the alien is release on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit limitation on reasonableness: the statute authorizes only mandatory detention that is reasonable in length. After that, § 1226(c) yields to the constitutional requirement that there be a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose. . . . Should the length of [an alien's] detention become unreasonable, the Government must justify its continued authority to detain him at a hearing at which it bears the burden of proof.

656 F.3d at 235. *Diop* did not establish a specific time limit for pre-removal detention, beyond which petitioner would be entitled to a hearing. *See id.* at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.*, 678 F.3d 265, 270-71 (3d Cir. 2012)); *Barcelona v. Napolitano*, No. 12-7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-

4

dependent inquiry requiring an assessment of all of the circumstances of a particular case," and that a reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Diop*, 656 F.3d at 234. "A court will consider, for example, the extent to which delays were attributable to the detainee's requests for adjournments, or alternatively to the immigration judge's errors or the government's sluggishness in obtaining evidence." *Wilson v. Hendricks*, No. 12-7315, 2013 WL 324743, at *2 (D.N.J. Jan. 25, 2013) (citing *Diop*, 656 F.3d at 234); *see also Barcelona*, 2013 WL 6188478, at *1.

B. <u>Post-Removal Detention</u>

After a removal order has been entered, detention is governed by Section 1231(a) of Title 8, United States Code. Section 1231(a)(1)(A) provides that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

    (i)    The date the order of removal becomes administratively final.
    (ii)    If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
    (iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

...


*Id.* § 1231(a)(1)(B). Implementing regulations determine when an order of removal becomes "administratively final":

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
> (b) Upon waiver of appeal by the respondent;
> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). By statute, the alien must be detained during the ninety day post-removal order period. *See* 8 U.S.C. § 1231(a)(2). However, if the alien is not removed during the ninety-day period, then Section 1231(a)(6) authorizes release on bond or continued detention, as appropriate:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

6

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that Section 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. Six months is a presumptively reasonable period of post-removal detention under Section 1231(a)(6). 533 U.S. at 701. In addition, to state a habeas claim, the petition must allege facts showing good reason to believe that there is no reasonable likelihood of the alien's actual removal in the reasonably foreseeable future. *See id.* The lengthier the detention, however, the greater the justification must be. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play:  the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States*, 495 F. App'x 274, 276-77 (3d Cir. 2012) (per curiam, not precedential) (citation omitted).

### V. ANALYSIS

Mr. Cruz challenges his continued immigration detention. As he makes clear in his habeas petition, however, the Immigration Judge has yet to order his removal; he is in "pre-removal" detention. His invocation of *Zadvydas*, which governs post-removal detention, is therefore incorrect, or at least

7

premature. I will analyze Mr. Cruz's detention under the pre-removal regime established in *Diop*. *See* Section IV.A, *supra*.

Mr. Cruz has been in immigration detention since October 4, 2013—a lengthy period, to be sure, but less than one year. For guidance, I consider cases analyzing the permissibility of periods of pre-removal detention in that one-year range. District Judge Salas surveyed some of these cases earlier this year in *Skinner v. Bigott*, No. 13-4299, 2014 WL 70066, at *4 (D.N.J. Jan. 8, 2014):

> For example, a detainee's one-year detention period was recently found not unreasonable under *Diop*. [*See*] *Dilone v. Shanahan*, No. 12-7894, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013). In another case, the detention was found unreasonable where, "[a]t the time of th[e] Opinion, [the petitioner] will have been held in mandatory detention, without any bond hearing, for more than one year." *See Francois v. Napolitano*, No. 12-2806, 2013 WL 4510004, at *4 (D.N.J. Aug. 23, 2013). Conversely, a detention period of two years was found not to violate due process, *Gonzalez v. Aviles*, No. 13-3413, 2013 WL 5467114, at *3 (D.N.J. Sept. 30, 2013), as was a period of eighteen months[.] [*S*]*ee Sessay v. Hendricks*, No. 12-2667, 2013 WL 4537709, at *4 (D.N.J. Aug. 27, 2013).

Another court in this Circuit noted that, "[w]hile period of detention which significantly exceeds one year may trigger constitutional concerns . . . detention periods of up to two years have been sustained by the courts where a criminal alien is subject to mandatory detention and much of the pre-removal delay is a function of that criminal alien's litigation decisions during removal proceedings." *Ryan v. Decker*, No. 13-682, 2013 WL 3973074, at *5 (M.D. Pa. July 31, 2013) (internal citations omitted). These varying results, as well as the

8

analysis in these cases, indicate that the reasonableness inquiry takes into account all the circumstances of the case, not just the length of pre-removal detention.

Mr. Cruz's continued immigration detention for nearly a year, without a final order of removal concerns me; if it continues much longer, I may be compelled to find it unreasonable, unless the government comes forward with a substantial justification. At this time, however, his pre-removal detention has not yet reached the level of unreasonableness under *Diop*. Accord *Dubois v. Holder*, No. 14-0358, 2014 WL 674023, at *5 (D.N.J. Feb. 20, 2014) (holding that petitioner's pre-removal order immigration detention period of eleven months was not unreasonable under *Diop*); *Dilone*, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013) (one-year pre-removal immigration detention period not unreasonable under *Diop*). The length of detention aside, my decision reflects the statement in the petition that, on July 7, 2014, the Immigration Judge told Mr. Cruz that he would be making a decision on his case. That was just over two months ago. I presume that an order from the Immigration Judge, either releasing Mr. Cruz or removing him from the United States, will be forthcoming in the near future.

Accordingly, the habeas petition will be dismissed. That dismissal, however, is without prejudice to another application, should Mr. Cruz's *pre-removal* detention continue for a substantial additional period of time.

9

### V. CONCLUSION

For the foregoing reasons, the habeas petition is dismissed without prejudice. An appropriate order will be entered.

Dated: September 19, 2014

_____
KEVIN MCNULTY
United States District Judge